UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-80379-CIV-MORENO**

IN RE: PEARLY M. SIMMONDS,

    Appellant.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS

Appellant, Pearly M. Simmonds, requests the Court find the Bankruptcy Court abused its discretion in approving a settlement of a malpractice claim she had against a law firm. The Court finds the Bankruptcy Court afforded Appellant due process and ample opportunity to rebut the Trustee's finding that settlement was appropriate in light of *Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990). The Court also finds that the Bankruptcy Court was mindful of the *Justice Oaks* factors and there was an adequate record to support a finding that settlement of the claim was appropriate. Accordingly, the Court affirms the Bankruptcy Court's Order Approving the Stipulation of Settlement and Order Denying Debtor's Motion to Retry, Rehear, Reconsider, and Vacate Order.

THIS CAUSE came before the Court upon the Notice of Bankruptcy Appeal **(D.E. No. 1)**, filed on **March 11, 2010**.

THE COURT has considered the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Bankruptcy Court Order Granting Motion to Approve a Stipulation of Settlement and Order Denying Debtor's Motion to Retry, Rehear, Reconsider and Vacate Order of November 24, 2009 are AFFIRMED.

## I. Nature of Appeal and Standard of Review

This is an appeal of the Bankruptcy Court's November 24, 2009 Order Granting the Trustee's Motion to Approve a Stipulation of Settlement and December 18, 2009 Order Denying Debtor's Motion to Retry, Rehear, Reconsider, and Vacate Order of November 24, 2009. At issue in this appeal is whether the Bankruptcy Court abused its discretion in approving the stipulation of settlement between the Trustee and a party against whom the debtor, Pearly M. Simmonds, had a cause of action.

The Court reviews the Bankruptcy Court's Order Approving Stipulation and Order Denying Motion to Retry for abuse of discretion. *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988).

## II. Factual Background

Debtor, Pearly Simmonds, filed a Chapter 7 proceeding on February 27, 2009. Michael R. Bakst was appointed as the Chapter 7 Trustee. Although initially Ms. Simmonds failed to disclose a cause of action for negligence and malpractice against Zoran D. Jovanovich, Esq., Ms. Simmonds's Amended Schedule B-21 disclosed a cause of action, "Simmonds v. Jovanovich - 09-6260 - suit for negligence/malpractice" for an "unknown" amount. Ms. Simmonds's case was pending in Circuit Court in Broward County.

On September 10, 2009, the Trustee filed a Motion to Approve a Stipulation to Compromise Controversy. The Trustee had agreed to accept from the Defendant Zoran D. Jovanovich $7,000 to settle the case pending in Broward County. The debtor, Ms. Simmonds, filed an objection to the settlement on September 17, 2009, asserting the $7,000 settlement was insufficient given her estimation of the value of her cause of action.

On November 18, 2009, the Bankruptcy Court conducted an evidentiary hearing on the Debtor's Objection to Settlement. At the November 18, 2009 hearing, the Bankruptcy Court held a competitive bidding auction of the Cause of Action. The Bankruptcy Court chose this path due to Ms. Simmonds proposal to purchase the cause of action from the estate. To quote the November 18, 2009 hearing:

> The Court: So are you [Debtor's Counsel] about to tell me you'd like to keep the claim and pay the estate money, a sum larger than $7,000?
>
> Mr. Harris [Debtor's Counsel]: Exactly, Your Honor. I think the fact that she is willing to pay $1 more than the settlement claim, shows that the claim is worth more than $7,000 . . . we're just asking the Court to have an order entered that would allow Ms. Simmonds to simply purchase back that cause of action for her at the same or a nominally higher price.

(Nov. 18, 2009 Hrg. Tr. at 29.) After hearing argument and establishing a framework for a competitive bid, the Bankruptcy Court held a competitive bid over the cause of action. The terms the Debtor agreed to were that should the Debtor outbid the Defendant Zoran Jovanovich, she would have thirty days to tender payment. After that date, the Court would reconsider the terms of the settlement. Defendant Zoran Jovanovich was the highest bidder in the competitive process, purchasing the cause of action for $7,800. The Bankruptcy Court on November 24, 2009 issued a written order memorializing the ruling from the November 18, 2009 hearing finding the Stipulation to Compromise Controversy met the applicable legal standard and approved it.

Ms. Simmonds then filed a Motion to Retry, Rehear, Reconsider, and Vacate the Bankruptcy Court's November 24, 2009 Order Approving Stipulation to Compromise Controversy. After conducting a hearing on the merits of the motion and relying on the pre-existing record on the subject, the Bankruptcy Court denied Ms. Simmonds's motion on December 18, 2009.

## II. Argument

*I. Did Appellant Receive Due Process?*

Appellant argues that by conducting a competitive bid at the November 18, 2009 hearing, the Bankruptcy Court violated her due process rights because she was not prepared to participate in a competitive bid. Appellant's initial contention at the hearing, however, was that the value of the settlement was insufficient and that she was willing to buy the claim from the bankruptcy estate. (Hrg. Tr. Nov 18, 2009 at 4.)

To resolve the controversy, the Bankruptcy Court decided to hold a competitive bidding process. *In re Wolff*, 2010 WL 27335, *5 (Bankr. N.D. Ill. Jan. 5, 2010) (finding auction procedure was an effective way of estimating the value of the cause of action when considering a proposed settlement of a malpractice cause of action). To ensure the procedure was fair to both Appellant and the defendant in the civil case, the Bankruptcy Court spent the majority of the November 18, 2009 hearing on argument as to the procedure of the competitive bidding process. After offering two different competitive bidding procedures and obtaining the Appellant's approval, the Bankruptcy Court ordered that should the Appellant win the competitive process, she would have thirty days to provide the funds. If she did not pay within that time frame, the Bankruptcy Court would reconsider the Trustee's initial settlement with Jovanovich. (Hrg. Tr. Nov. 18, 2009 at 26) ("[T]he result will be that if Ms. Simmonds is the successful bidder then she will have 30 days to tender full payment in certified check or check from a trust account, to Mr. Bakst as trustee, failing which, I will have a continued hearing and consider the settlement as originally presented in the amount of $7,000 as it's described in document 57 in the attachments there to. And that will be without regard to what the second highest bid was from the defendant in the State Court action."). The Appellant argues that the competitive bid process violated

her due process rights because it should have taken place over a several month period, as was the case in *In Re: Wolff*. A reading of the transcript, however, reveals that a procedure like the one described in *In Re: Wolff* was never argued as an option to the Bankruptcy Judge. Accordingly, the Court cannot now on appeal find the Bankruptcy Court abused its discretion in the procedure it used to resolve the controversy. *In the Matter of Novack*, 639 F.2d 1274, 1276-78 (11th Cir. 1981) (holding that debtor waived right to contest bankruptcy settlement on appeal where she failed to raise issue in bankruptcy proceeding even though she had been given ample opportunity at the hearing to object to the settlement terms).

Lastly, Appellant argues that her due process rights were violated because the Bankruptcy Court denied her request to continue the competitive bidding process to allow her time to secure new counsel. Her attorney at the hearing had moved to withdraw on the date of the hearing. That being said, the Appellant had counsel present at the hearing who had filed the objections to the Trustee's Motion on her behalf. Having had counsel at the hearing, the Court does not find the Bankruptcy Court abused its discretion in denying the debtor's request to continue.

II. *The Business Judgment Rule and the Justice Oaks Factors*

The decision of a Trustee in Bankruptcy to enter a settlement is made within his or her business judgment. *See Indian Motocycle Co. Inc.*, 289 B.R. 269, 282-83 (1st Cir. 2003). "Compromises are generally approved if they meet the business judgment of the trustee." *Id.* The Appellant does not dispute this business judgment rule. What Appellant argues is that the Bankruptcy Court merely rubber stamped the Trustee's decision, without obtaining a proffer of evidence by the Trustee that would allow the Bankruptcy Court to make an independent analysis of the reasonableness of the settlement under *Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990); *In Re: American Reserve Corp.*,

841 F.2d 159, 162 (7th Cir. 1987).

The Appellant says the record was devoid of evidence as to the status of the debtor's negligence case, i.e. was it set for trial? was discovery complete?. Without this proffer of evidence, the Appellant argues the Bankruptcy Court could not make an independent analysis as required by *Justice Oaks*. It is the Trustee's burden in the Bankruptcy Court to establish the reasonableness of the settlement. *See Federal Financial Co. v. Maria Yip*, Case No. 04-20839-CIV-HUCK, at *10 (S.D. Fla. Oct. 5, 2004) (reversing bankruptcy court that placed burden on the debtor to establish reasonableness of settlement).

### A. *Justice Oaks Factors*

To decide whether to approve a proposed settlement, a bankruptcy court must consider four factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity, expense, inconvenience, and delay of the litigation involved; and (4) the paramount interest of the creditors and a proper deference to their reasonable views. *Justice Oaks*, 898 F.2d at 1549.

While a bankruptcy court's decision to approve a settlement is reviewed under the abuse of discretion standard, "the bankruptcy judge must actually exercise his discretion. He may not simply accept the trustee's word that the settlement is reasonable." *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987). In exercising his discretion, the bankruptcy judge must make findings that he examined the proper factors and made an informed and independent judgment. *Id.*; *Federal Financial*, Case No. 04-20839 at *11.

During the course of the Bankruptcy Court's November 18, 2009 hearing, the Bankruptcy Judge referenced the *Justice Oaks* factors twice. (Hrg. Tr. Nov. 18, 2009 at 12, 34.) The crux of the Appellant's objection at the hearing was the dollar amount that Jovanovich was paying to settle the

cause of action. The Bankruptcy Judge held a competitive bidding process and ultimately, Jovanovich agreed to pay $7,800 -- a figure the Court approved. *In Re Wolff*, 2010 WL 27335; *In Re Martin*, 212 B.R. 316, 320 (8th Cir. 1997) (finding that a competitive bid between the debtor and defendant supported the Trustee's position that the settlement was reasonable as it elicited the highest and best offer as to the value of the cause of action). The Appellant presented no other argument before the Bankruptcy Court to suggest the *Justice Oaks* factors favored a denial of the settlement.

As to the *Justice Oaks* factors, the Bankruptcy Judge instructed the Trustee to prepare a proposed order "includ[ing] a finding that this satisfies the Justice Oaks standards based on the representations made in the motion, which I take as unrebutted." (Hrg. Tr. Nov. 18, 2009 at 34.) The Bankruptcy Judge then asked the parties if they had any other issue to discuss, to which the Appellant did not respond, though she was represented by counsel. *Id.* The Order Approving the Stipulation of Settlement indicates the settlement satisfies the *Justice Oaks* factors and that the Court relies upon the representations within the Trustee's Motion, which were unrebutted at the hearing. At the December 17, 2009 hearing on the motion for reconsideration, the Bankruptcy Court again considered the *Justice Oaks* factors in open court indicating he found them satisfied. (Hrg. Tr. Dec. 17, 2009 at 11, 17, 21, 31-32). The Trustee's representative at the December 17 hearing on the Motion for Reconsideration argued that Mr. Bakst had investigated the case and felt it was virtually worthless. (Hrg. Tr. Dec. 17, 2009 at 22.) He also pointed out that the debtor did not have a lawyer in the malpractice action. *Id.* After further consideration, the Bankruptcy Court denied the debtor's motion.

The transcripts reveal that the Bankruptcy Judge was firmly aware of the *Justice Oaks* principles when he ruled. At the December 17, 2010 hearing, the Bankruptcy Judge said:

> The standard is, should the settlement be approved, is it above the lowest point in the range of reasonableness. That's the standard for approval of the settlement. And there are several factors that I can take into account, such as the cost, the expense, the time delay, the likelihood of ability to collect. Those are the kinds of factors that I take into account, not whether I think that there's another settlement out there that might be in some way structurally better for the debtor -- or the estate.

(Hrg. Tr. Dec. 17, 2009 at 11.) What is evident from the transcripts is that the Bankruptcy Court was mindful of the *Justice Oaks* factors in approving the settlement. Therefore, the Court does not find the Bankruptcy Court abused its discretion.

Moreover, the hearing transcripts also reveal that Appellant, who was represented by counsel, did not attempt to rebut any points raised in the Trustee's Motion at the hearing or in her pleadings. *In the Matter of Novack*, 639 F.2d at 1276-78 (holding that debtor waived right to contest bankruptcy settlement on appeal where she failed to raise issue in bankruptcy proceeding even though she had been given ample opportunity at the hearing to object to the settlement terms). At the November 19, 2009 hearing, the Bankruptcy Court stated: "And you may also include a finding that this satisfies the Justice Oaks standards based on the representations made in the motion, which I take as unrebutted. Anything else?" (Hrg. Tr. Nov. 19, 2009 at 34.) There was no attempt by Appellant, at this point, to rebut any of the *Justice Oaks* factors that were listed in the motion to approve the stipulation, which is attached to this order. Unlike *Federal Financial*, the debtor here had ample opportunity to raise any objection or rebut the Trustee's position that the *Justice Oaks* factors favored settlement of the claim. She had an opportunity to do so in her written objections and at the hearing and she did not do so. Accordingly, the Court affirms the Bankruptcy Court and finds it did not abuse its discretion in approving the settlement.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2010.

                                               FEDERICO A. MORENO
                                               UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach
www.flsb.uscourts.gov

In re:                                         Case No.: 09-13388-BKC-EPK
                                               Chapter 7 proceeding
PEARLY M. SIMMONDS

    Debtor.
_____/

### MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

> ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY (20) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.

    The Trustee, **Michael R. Bakst**, by and through undersigned counsel, hereby files this Motion to Approve Stipulation to Compromise Controversy between, **Michael R. Bakst, Trustee** and **Zoran D. Jovanovich and Winthrop & Jovanovich, P.A.**, and states:

    1.    Attached hereto is a copy of a Stipulation to Compromise Controversy that has been entered into between the Trustee, **Michael R. Bakst** and **Zoran D. Jovanovich and Winthrop & Jovanovich, P.A.**.

    2.    Pursuant to this settlement, the Trustee has agreed to accept the sum of **seven thousand dollars ($7,000.00)**, as outlined in the Stipulation to Compromise Controversy, which will be deemed a settlement for the estate's interest in the cause of action against Zoran D. Jovanovich and Winthrop & Jovanovich, P.A.

RM:6756724:1
1

3.   The Trustee believes that this settlement is in the best interest of creditors and the estate. The Trustee has reviewed all information relating to the cause of action raised by the Debtor and believes that this settlement is consistent with the highest possible value of such cause of action.

4.   This stipulation and motion are being notice to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

5.   The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, **85 B.R. 886(Bkrtcy.S.D.Fla. 1988)**. The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". **Id. at 891, citing**, *In re Teltronics Services, Inc.*, **762 F.2d 185, 189(2nd Cir. 1985)**; *In re W.T. Grant Company*, **699 F.2d 599, 608(2nd Cir. 1983)**. The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities.

6.   The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

    1.   the probability of success in the litigation;

    2.   the difficulties, if any, to be encountered in the matter of collection;

    3.   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    4.   the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd*, **898 F.2d 1544 (11th Cir. 1990)**.

7.   The Trustee has evaluated the settlement while considering all of the factors

RM:6756724:1
1

required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being within the best interest of creditors and the estate.

**WHEREFORE**, the Trustee, Michael R. Bakst, by and through undersigned counsel, respectfully requests that the Court enter an order in the form accompanying this motion approving stipulation to compromise controversy, plus grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all parties on the attached mailing list and all creditors and interested parties on the court matrix, this the _10_ day of _September_ 2009.

RUDEN, MCCLOSKY, SMITH,
SCHUSTER, & RUSSELL, P.A.

_____
MICHAEL R. BAKST
222 Lakeview Avenue, Suite 800
West Palm Beach FL 33401
Telephone:  (561) 838-4523
Facsimile:   (561) 514-3423

*Via Electronic Mail:*

- Michael R Bakst     efilemrb@ruden.com, FL65@ecfcbis.com;Efile2557@ruden.com;Efile2556@ruden.com
- Michael R. Bakst     efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com
- Audrey J Dixon     adixon@fcllaw.com
- Philip B Harris     pharris@rmlawyer.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

*Via U.S. Mail:*

Pearley M. Simmonds, 11397 Sandstone Hill Terrace, Boynton Beach, Fl 33437

RM:6756724:1
1

All creditors and interested parties on the Court matrix
ddp